cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Leslie Arthur Byrd,<br><br>              Petitioner,<br>v.<br><br>Robert J. Hernandez, Warden,<br><br>              Respondent. | Civil No.08cv651 JM (AJB)<br><br>**ORDER GRANTING RESPONDENT'S REQUEST FOR STAY**<br><br>**[Doc. No. 6.]** |

On April 9, 2008, Petitioner Leslie Arthur Byrd filed a petition for writ of habeas corpus contending that his due process rights were violated by the Board of Parole Hearings' 2006 decision denying him parole. On June 11, 2008, Respondent filed a request for stay of all proceedings pending issuance of the mandate in Hayward v. Marshall, 512 F.3d 536 (2008).

A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). The court must exercise its judgment weighing competing interests and maintaining an even balance. Id. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of California, 593 F.2d 857 863-64 (9th Cir. 1979) (rule applies to judicial, administrative or arbitral

1 proceedings and "does not require that the issues are necessarily controlling of the action before the
2 court.")

3  On May 16, 2008, the Ninth Circuit granted rehearing *en banc* in Hayward.  (Resp't's Request
4 for Stay attached.)  In Hayward, Petitioner filed a petition for writ of habeas corpus arguing that the
5 Governor's reversal of the Board of Prison Terms' parole grant violated his right to due process.
6 Hayward, 512 F.3d at 540.  The three-judge Ninth Circuit panel held that the governor's reversal of the
7 parole board's grant of parole violated his due process rights.  Id. at 548.  The legal issues in this case
8 are similar to the ones in Hayward.  Therefore, to proceed in this case while Hayward is pending would
9 be a waste of resources, time and effort by the parties and the court.  In addition, the Ninth Circuit has
10 *sua sponte* stayed cases until the resolution of Hayward.  See, e.g., Boatman v. Brown, no. 05-16199;
11 Smiley v. Hernandez, no. 06-55727; Valdivia v. Brown, No. 08-15650; Johnson v. Newland, no. 04-
12 16712; Varner v. Brown, no. 05-16029.  Based on the above, the Court exercises its discretion to stay
13 the case pending a decision in Hayward.  Accordingly, the Court grants Respondent's request for a stay
14 pending a decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008).
15 IT IS SO ORDERED.

17 DATED:  July 1, 2008

18  _____
   Hon. Anthony J. Battaglia
19  U.S. Magistrate Judge
   United States District Court