# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE ARTHUR BYRD,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>ROBERT J. HERNANDEZ, Warden,<br><br>　　　　　　　　Defendant. | CASE NO. 08-CV-651-JM (AJB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED AND DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Doc. No. 11 |

Petitioner Leslie Arthur Byrd ("Byrd") filed the instant petition for writ of habeas corpus in federal court on April 9, 2008 challenging a decision by the California Board of Parole Hearings ("BPH") to deny him parole.[1] (Doc. No. 1.) Byrd argued that the BPH's decision was arbitrary and capricious in violation of his Fourteenth Amendment right to due process because it had failed to find "some evidence" of future dangerousness.

After thoroughly and thoughtfully analyzing the parties' claims, Magistrate Judge Battaglia issued a Report and Recommendation ("R&R") on August 6, 2010, recommending that Byrd's petition be denied. (Doc. No. 11.) Judge Battaglia found that, following the Ninth Circuit's holding in <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010), federal district courts reviewing a BPH decision to deny parole must determine whether that decision "was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on

---

[1] The full procedural history of this case is summarized in the magistrate judge's Report and Recommendation. (Doc. No. 11.)

an unreasonable determination of the facts in light of the evidence.'" (Doc. No. 11 pp. 4-5 (quoting <u>Hayward</u>, 603 F.3d at 563).) Judge Battaglia nevertheless concluded that the BPH's decision met this standard and that Byrd's petition should therefore be denied.

However, a subsequent U.S. Supreme Court ruling has significantly narrowed the scope of federal courts' review of California parole decisions. In <u>Swarthout v. Cooke</u>, 562 U.S. \_\_\_, No. 10-333, 2011 WL 197627 (2011), the Court held that application of California's "some evidence" rule is *not* reviewable by federal courts for violations of federal due process. (2011 WL 197627 at *3.) According to the Court, where "[t]he liberty interest at issue . . . is the interest in receiving parole when the California standards for parole have been met . . . the minimum procedures adequate for due-process protection of that interest are those set forth in <u>Greenholtz</u>"—that is, whether the prisoner was allowed an opportunity to be heard, and whether he was provided a statement of the reasons parole was denied. (<u>Id.</u> at *2-3.) The Court further made it clear that any due process inquiry beyond those two requirements is outside the purview of federal courts:

> [I]t is of no federal concern . . . whether California's "some evidence" rule of judicial review . . . was correctly applied. . . . The short of the matter is that the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business.

(<u>Id.</u> at *3.)

It is clear from the record before the court that Byrd received both an opportunity to be heard at his parole hearing and a statement from the BPH of its reasons for denying him parole. (<u>See</u> Lodgment 1, 2006 Parole Hearing Transcript.) Therefore, Byrd's right to federal due process was not violated, and his petition for writ of habeas corpus is DENIED.

//
//
//
//
//
//

1  Pursuant to Rule 11 following 28 U.S.C. § 2254, the court further finds it appropriate
2 to issue a Certificate of Appealability as to all cognizable federal claims presented in the
3 petition. (See <u>Lambright v. Stewart</u>, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (providing that
4 threshold "substantial showing of the denial of a constitutional right" is met by demonstrating
5 that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the
6 issues in a different manner; or (3) that the questions are adequate to deserve encouragement
7 to proceed further).)

8  **IT IS SO ORDERED.**

9 DATED: February 2, 2011

11 Hon. Jeffrey T. Miller
   United States District Judge